FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 11 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

GREG CORDELL,

        Plaintiff,

v.

PACIFIC INDEMNITY, et al.,

        Defendants.

CIVIL ACTION

NO. 4:05-CV-167-RLV

O R D E R

This matter is before the court on the plaintiff's motion to amend his Complaint and add party plaintiffs [Doc. No. 64], motion to supplement and revise his response to initial disclosures [Doc. No. 66], and his third motion for leave to amend his Complaint [Doc. No. 94]. Also pending is the defendants' motion for partial summary judgment [Doc. No. 81].

## I. Factual Background

Pacific Indemnity issued an insurance policy to the plaintiff which provided homeowners' coverage for a property located in Cartersville, Georgia.[1] On September 1, 2004, a fire destroyed the property. Following the investigation of the fire, the plaintiff's insurance claim was denied on the grounds it was excluded based on

---

[1] On June 12, 2006, the plaintiff filed an Amended Complaint dismissing Chubb Corporation and substituting Chubb & Son, Inc., for Chubb & Son, a division of Federal Insurance Company. It is alleged that Pacific Indemnity is a member of the Chubb Group of Insurance Companies. Chubb & Son allegedly manages the Chubb Group of Insurance Companies.

the intentional acts, concealment and fraud exclusions contained in the homeowners' insurance policy.[2]

On August 9, 2005, the plaintiff filed a three count Complaint, alleging that the defendants (1) breached their contract with him by failing to pay his insurance claim in violation of O.C.G.A. § 33-4-6, (2) failed to pay his insurance claim in bad faith also in violation of O.C.G.A. § 33-4-6, and (3) intentionally inflicted emotional distress on him. On June 12, 2006, the court allowed the plaintiff to file an Amended Complaint.

On May 23, 2006, the plaintiff filed a motion for leave to amend his Complaint and to add party plaintiffs. Subsequently on June 16, 2006, and prior to this court's decision on his May 23, 2006, motion, the plaintiff filed his third motion for leave to amend his Complaint in order to add his wife and minor child as co-plaintiffs and to add a new claim against the defendants. Specifically, the plaintiff seeks to add a fourth count alleging that the defendants were negligent in failing to throughly investigate the fire and the plaintiff's claim. The court concludes that the plaintiff's filing of a third motion for leave to amend his Complaint on June 16, 2006, moots his previously filed motion to amend filed on May 23, 2006. Therefore, the plaintiff's motion to amend his Complaint to add parties, which was filed on

---

[2] In addition, the defendants allegedly denied the claims on the basis that the plaintiff had failed to comply with his duties under the policy.

2

May 23, 2006, is DISMISSED as moot.

On May 26, 2006, the plaintiff filed a motion to supplement and revise his response to the initial disclosures. The defendants failed to file any opposition to this motion. Therefore, the plaintiff's motion to supplement and revise his response to the initial disclosures is GRANTED.

On June 7, 2006, the defendants filed a motion for partial summary judgment arguing that the plaintiff cannot recover damages based on any tort theory. Specifically, the defendants argue that O.C.G.A. § 33-4-6 provides the exclusive remedy for insureds who wish to complain regarding the insurer's conduct in handling an insurance claim. The defendants argue that they are entitled to judgment as a matter of law with regard to the plaintiff's claim alleging intentional infliction of emotional distress as well as any other tort theory contained in his Complaint.

Prior to the court's decision on the defendants' motion for partial summary judgment, the plaintiff filed a third motion for leave to amend his Complaint on June 16, 2006, as noted above. On June 28, 2006, the defendants filed a brief in opposition to the plaintiff's third motion for leave to amend, arguing that the amendment adding a claim for negligent investigation of the plaintiff's insurance claim would be futile because such extra-contractual damages and claims based on tort law are not recoverable.

## II. Legal Analysis

As noted above, the plaintiff's filing a third motion to amend his Complaint renders his prior motion to amend his Complaint filed on May 23, 2006, moot. Next, the court must determine whether the plaintiff's third motion for leave to amend his Complaint to add parties and to add an additional claim should be granted. If the court decides that the plaintiff is free to amend his Complaint and allows the plaintiff to file a Second Amended Complaint, such a decision by the court would render the defendants' motion for partial summary judgment moot.

In deciding whether to allow the plaintiff to file a Second Amended Complaint, the court looks to Rule 15(a), which states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Eleventh Circuit has written: "Rule 15(a) evinces a bias in favor of granting leave to amend. Its purpose is to assist the disposition of the case on the merits, and to prevent pleadings from becoming ends in themselves." Chitimacha Tribe of Louisiana v. Harry L. Laws Co. Inc., 690 F.2d 1157, 1163 (5th Cir. 1982). While Rule 15(a) declares that leave to amend "shall be freely given when justice so requires," leave to amend is not an automatic right.

4

Faser v. Sears Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982). A motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." Carruthers v. BSA Adv., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004). When a motion to amend is denied based upon futility, the court makes a legal conclusion that the proposed amended complaint necessarily would fail. St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999).

A review of the plaintiff's proposed Second Amended Complaint reveals that the plaintiff seeks to add a number of new allegations as well as a fourth count alleging that the defendants were negligent in failing to thoroughly investigate the fire loss.[3] In

---

[3] Specifically in ¶¶ 32 and 33, the plaintiff alleges:

32. The insurance company has focused their investigation solely in an effort to discredit and implicate Plaintiff, Greg Cordell and his wife, Alyssa, in an effort to avoid paying in excess of 3 million dollars in damages as follows:

(a) offered a 'reward' in the amount of $35,000.00 to a convicted multiple felon currently incarcerated for theft by deception and having the following convictions: racketeering, multiple counts of theft by deception, arson, motor vehicle theft, felony possession of narcotics, habitual violator;
(b) intentionally and/or negligently suggested during their investigation that Plaintiffs' banker discontinue conducting business with them;
(c) intentionally and/or negligently refused and/or failed to follow any leads that do not implicate Plaintiffs, seeking out enemies or any individual that may have had prior business or personal dispute with Plaintiffs;
(d) suggested to two separate motor vehicle insurers of

5

support of his motion to amend, the plaintiff argues:

> [N]ot only did the insurance company defendants fail to investigate the claim by pursuing leads offered by Plaintiff that would provided [sic] coverage, but the insurer intentionally and negligently pursued a coarse [sic] of conduct with the intent to discredit and implicate Plaintiff so as to avoid paying his 3 million dollar claim. It is from these negligent and intentional acts that Plaintiff seeks additional damages in the manner of medical expenses and physical and mental distress.

The defendants argue that the plaintiff should not be allowed to amend his Complaint again to add a fourth count based on

---

> Plaintiff's and Plaintiff's wife they should deny coverage, which Foremost Insurance Company and Progressive Insurance Company refused based on lack of evidence that Plaintiff was responsible for the fire loss;
> (e) falsely and/or negligently suggested to family, friends and business associates that Plaintiffs are or were in financial trouble with all Plaintiffs' records in their possession showing timely payment of debt and good credit at the time of fire loss;
> (f) falsely and/or negligently suggested to family, friends and business associates that Plaintiffs were having marital problems;
> (g) falsely and/or negligently suggested to family, friends and business associates that Plaintiffs were responsible directly or indirectly for the fire loss;
> (h) encouraging fire department officials to file charges against Plaintiff Greg Cordell which they have refused to do; and
> (i) falsely and/or negligently suggested to the State of Georgia Insurance and Fire Commissioner that Plaintiff Greg Cordell may have directly or indirectly been responsible for the fire loss.
>
> 33. As a result of Defendants [sic] intentional and/or negligent conduct Plaintiffs Greg Cordell, Alyssa Cordell and their son, Lucas have experienced anxiety, worry, mental anguish, and emotional distress accompanied by pecuniary loss and the manifestations of physical injury and ailments. . . .

6

negligent investigation of his insurance claim. According to the defendants, "In Georgia, if a named insured or additional insureds under the policy wish to complain of the insurer's conduct in its handling of their claim, they are limited to those penalties as provided in Georgia's bad faith statute, O.C.G.A. § 33-4-6." Therefore, the court must determine whether allowing the plaintiff to file a Second Amended Complaint would be futile.

In reaching a decision on whether the addition of a claim based on negligence is futile, the court must examine O.C.G.A. § 33-4-6.

> The pertinent part of O.C.G.A. § 33-4-6 provides:
>
> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 25 percent of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the action against the insurer.[4]

The defendants argue that O.C.G.A. § 33-4-6 provides the exclusive remedy for an insurer's failure to pay an insurance claim. Specifically, the defendants argue that the plaintiff's allegations of negligence arise solely out of the defendants' contractual duties of investigating, adjusting and paying a claim

---

[4] Bad faith under § 33-4-6 means frivolous and unfounded denial of liability or refusal to pay a claim. Pub. Sav. Life Ins. Co., v. Wilder, 123 Ga. App. 754, 755 (1971).

7

as set forth in the policy. The defendants continue, "There is no other duty imposed by law or contract creating some special relationship between the Defendants and the Plaintiff, his wife and/or son." Therefore, the defendants argue that the plaintiff cannot recover damages either for their negligence in conducting these duties or for his alleged physical and emotional distress caused by any negligence on their part.

In response, the plaintiff argues that he "relies upon the exception to this rule and a second line of cases that permit such additional claims sought to be asserted by Plaintiff and his family."[5]

The court is cognizant that as a general rule under Georgia law an insurer's wrongful refusal to pay an insurance claim usually constitutes no more than a breach of contract. Leonard v. Fireman's Ins. Co., 100 Ga. App. 434, 435 (1959). See also Cummings v. Prudential Ins. Co., 542 F.Supp. 838, 841 (S.D. Ga. 1982)(noting

---

[5] The plaintiff cites to Leonard v. Fireman's Ins. Co., 100 Ga. App. 434, 437 (1959), for the following proposition:

> Nothing herein said conflicts with Francis v. Newton, 75 Ga. App. 341, 43 S.E. 2d 282, 283 which states that "a liability insurance company may be held liable to its insured for negligence. . . in failing to adjust a claim against the insured which is covered by its policy." As to liability insurance, the company owes to the insured a duty independent of the contract not to injure him, and when, from its negligent failure or refusal to adjust a claim, or from fraud or other bad faith, he sustains damages other than damages covered by the insurance contact, then an action in tort would be appropriate.

that the rule simply stated is "a breach of contract does not constitute a tort, even if it results in hardship to the non-breaching party, unless the contract creates a type of relationship upon which the law implies certain duties, a breach of which is a tort.")

However, under Georgia law, an exception exists where there is a special relationship between the parties that creates an independent duty.  The Eleventh Circuit in Delancy v. St. Paul Fire & Marine Ins. Co., 947 F.2d 1536, 1545-46 (11th Cir. 1991), applying Georgia law held,

> This independent duty may be found because of the relationship between the parties, or because of the defendant's calling or because of the nature of the harm. The contractual relationship between insurer and insured creates such an independent duty, implied from the terms of the contract, between insurer and insured: the insurer "owes to the insured a duty independent of the contract not to injure him, and when, from its negligent failure or refusal to adjust a claim, or from fraud or other bad faith, he sustains damages other than damages covered by the insurance contract, then an action in tort would be appropriate." (internal citation omitted)

Additionally, the Eleventh Circuit in Delancy stated that Georgia law is ambiguous as to whether an insured may recover for the insurer's negligent, as well as bad faith, failure to settle an insurance claim.

In examining the plaintiff's proposed negligent claim, the court interprets two theories of liability.  First, the plaintiff alleges that the defendants negligently investigated his claim and that this negligent investigation resulted in his claim's denial.

9

Second, the plaintiff argues that the insurer intentionally or negligently pursued a course of conduct with the intent to discredit and implicate the plaintiff so as to avoid paying his claim. According to this alternative theory, the plaintiff argues that, "[I]t is from these negligent and intentional acts that Plaintiff seeks additional damages in the manner of medical expenses and physical and mental distress."

In light of Delancy and Leonard, the plaintiff's claims are at the very least colorable under Georgia law.[6] Given the strong presumption that "leave shall be freely given" to amend pleadings prior to the close of discovery, the court will allow the plaintiff leave to file a Second Amended Complaint to add a fourth count based on these theories of tort liability. Consequently, the plaintiff's third motion for leave to amend his Complaint is GRANTED.

By granting the plaintiff's third motion for leave to amend his Complaint, the defendants' motion for partial summary judgment

---

[6] See Georgia Farm Bureau Mut. Ins. Co. v. Mathis, 197 Ga. App. 324 (1990). In Mathis, the insured sued the insurer for breach of contract and intentional infliction of emotional distress after the insurer had refused to pay the total amount of the funeral expenses pursuant to an automobile insurance policy. The insurer filed a motion for summary judgment on the insured's breach of contract claim, which was granted by the trial court. However, the trial court allowed the insured to proceed to trial on her claim of intentional infliction of emotional distress. Mathis demonstrates that under Georgia law a plaintiff could potentially maintain a tort claim simultaneously with a breach of an insurance contract claim. Furthermore, Mathis suggests that a tort claim can survive independent of a breach of an insurance contract claim.

10

filed on June 7, 2006, which addresses the merits of the plaintiff's claim alleging intentional infliction of emotional distress and which was filed prior to the filing of the Second Amended Complaint is rendered moot and is DISMISSED [Doc. No. 81].[7]

### III. Conclusion

For the above reasons, the plaintiff's motion to amend his Complaint and to add party plaintiffs filed on May 23, 2006, is DISMISSED as moot [Doc. No. 64]; the plaintiff's motion to supplement and revise his response to the initial disclosures is GRANTED [Doc. No. 66]; the defendants' motion for partial summary judgment is DISMISSED as moot [Doc. No. 81]; and the plaintiff's third motion for leave to amend his Complaint filed on June 16, 2006, is GRANTED [Doc. No. 94]. The plaintiff is directed to file and serve a Second Amended Complaint no later than 20 days from the date this order is docketed. Thereafter, the defendant may file any appropriate motions addressing the merits of the plaintiff's Second Amended Complaint.

SO ORDERED, this 11TH day of July, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge

---

[7] In dismissing the defendants' motion for partial summary judgment, the court renders no decision on the merits of said motion.