FILED IN CHAMBERS
U.S.D.C. Rome

DEC 13 2007

JAMES N. HATTEN, Clerk
By:_____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

HOWARD GREGORY "GREG" CORDELL,
ALYSSA HARRELL CORDELL,
individually and as parent of
LUCAS GREGORY CORDELL,

    Plaintiffs,

v.

PACIFIC INDEMNITY COMPANY,
CHUBB & SON, a division of
Federal Insurance Company, and
JOHN DOES A through F,

    Defendants.

CIVIL ACTION

NO. 4:05-CV-167-RLV

O R D E R

This is a suit on an insurance policy, arising from a fire which destroyed the property located at 179 Old Mill Road, Cartersville, Georgia. By order dated October 12, 2007, this court granted partial summary judgment on those portions of Count I alleging recovery (1) for the dwelling and (2) for personal property that are fixtures; the court also granted partial summary judgment on Count III, which sought to recover for intentional infliction of emotional distress. Pending before the court are (1) the plaintiffs' motion for reconsideration of that part of the October 12 order dealing with the dwelling [Doc. No. 274], (2) the plaintiffs' motion seeking oral argument on that motion [Doc. No. 283], (3) the plaintiffs' motion for partial summary judgment [Doc.

No. 269], and the plaintiffs' motion to file supplemental materials in support of their motion for partial summary judgment [Doc. No. 285]. The motion for oral argument is DENIED. The motion for leave to file supplemental material is GRANTED.

A brief recapitulation of the facts is beneficial before the court addresses the motion for partial summary judgment and the motion for reconsideration.

Howard Gregory Cordell purchased the property located at 179 Old Mill Road, Cartersville, Georgia, in his name only. In connection with this purchase, Mr. Cordell obtained a homeowner's insurance policy (No. 1251470101) from Pacific Indemnity. That policy provides that payment for any loss will be made to those insured under the policy "as interests appear."

On September 1, 2004, a fire destroyed the property. Following the investigation of the fire, Mr. Cordell's insurance claim was denied on the grounds it was excluded based on the intentional acts, concealment and fraud exclusions contained in the homeowners' insurance policy.[1] Although it denied Mr. Cordell's claim, Pacific Indemnity paid $1,005,804.20 on November 1, 2004, to Washington Mutual, Mr. Cordell's mortgage company, for its interest

---

[1] In addition, the defendants allegedly denied the claim on the basis that the named insured had failed to comply with his duties under the policy.

in the property (representing the outstanding balance of the loan made to purchase the property). The plaintiffs subsequently initiated this action, in which they seek to recover the policy limits of $1,851,000.00 for the structure and $926,055.00 for the contents. They also seek (1) bad faith penalties under O.C.G.A. § in an amount not less than $1,388,527.50, (2) damages for mental and physical pain and suffering in the amount of $1,500,000.00, and (3) punitive damages in an amount not less than $500,000.00.

In addition to seeking damages for the loss of personal property, the plaintiffs seek to recovery for damages to the dwelling, landscaping, and other structures destroyed by the fire. However, on October 11, 2005, after suit had been filed, Mr. Cordell sold the property for $900,000. It is undisputed that no repairs were made to the property between the time of the fire and the date on which the property was sold.

The plaintiffs' motion for partial summary judgment is based on their argument that Mr. Cordell did not start the fire that destroyed the dwelling. However, the defendant does not need to prove that Mr. Cordell himself started the fire. Instead, it is sufficient if the defendant presents evidence (including circumstantial evidence) that Mr. Cordell either personally or through agents caused the fire to be set. Whether a fire loss

resulted from arson caused or procured by the insured is normally a question for the jury." Southern Trust Insurance Co. v. Braner, 169 Ga. App. 567, 569 (1984). The fact that the defendant may be relying on the testimony of an alleged con artist (as suggested in the supplemental material filed by the plaintiffs) does not mean that a jury may not believe that Mr. Cordell procured someone to start the fire.

Whether Mr. Cordell procured someone to start the fire is a matter for the jury to decide. Consequently, the plaintiffs' motion for partial summary judgment is DENIED.

In its October 12 order granting partial summary judgment with respect to recovery for the loss of the dwelling, this court relied on McKay v. Consolidated American Insurance Co., 149 Ga. App. 691 (1979). In its order this court stated that the *McKay* court had

> rejected the plaintiffs' argument that their entitlement to recover under an insurance policy vested at the time of the loss, making the subsequent foreclosure irrelevant. Instead, the court held that where a policy provides that any loss payable would be paid to the mortgagee and the insured "as interests appear," the insured would have no insurable interest after the property had been sold.

In a footnote, this court noted that in both *McKay* and in the instant case the insureds had expended no money on repairs between the time of damage and the subsequent sale of the property. The court then went on to hold that because Mr. Cordell had sold the

4

property located at 179 Old Mill Road, Cartersville, Georgia, he no longer has an insurable interest in that property and, consequently, cannot recover for any damages to the dwelling that was located on the property.

A more careful reading of *McKay* has persuaded this court that its earlier characterization of the holding in that case was incorrect. In stating that the *McKay* court had rejected the plaintiffs' contention that their entitlement to recovery vested at the time of the loss, this court failed to complete the sentence. The following contention is what the *McKay* court rejected: "The plaintiffs contend that their entitlement to recovery vested in them at the time of the loss, *making the subsequent foreclosure irrelevant.*" 149 Ga. App. at 692(emphasis added).

In McKay, the plaintiffs' recovery was limited, under the terms of the policy, to the cost of repair. The court held that since the plaintiffs had expended no sums to repair the premises and since they would not be expending any sums to repair because the premises had been foreclosed on. The court noted that even though the amount of damages should be determined at the time of the loss "recovery is contingent on the right of the insured to restore the building to its former usefulness." *Id.*, quoting Ramsell v. Insurance Co. of North America, 197 Wis. 136 (1928). In

McKay, the policy provided coverage to the plaintiffs and their mortgage company "as interests appear." Since, after foreclosure, it was the right of the mortgage company, not the plaintiffs, to repair the premises, the plaintiffs no longer had any claim to the insurance proceeds. Moreover, presumably, payment under the policy was contingent on the plaintiffs (or the mortgage company) actually making the repairs. However, that is not the case with respect to the policy issued to Mr. Cordell.

The policy at issue in the instant case provides: "If you do not repair, replace, or rebuild your house or other permanent structure at the same location, the payment basis will be verified replacement cost." Insurance Policy, p. B-2. Thus, there is no requirement that the insured rebuild the dwelling before he is entitled to the insurance proceeds.

In arguing against reconsideration, the defendant argues that person must have an insurable interest in property before he can be entitled to any recovery for damage to that property. According to the defendant because Mr. Cordell has sold the land, he no longer has an insurable interest. This argument lacks merit for two reasons. First, the insurance policy covered the house, not the

land.² Second, insurable interest is determined as of the time of the loss. *See* Georgia Farm Bureau Mutual Insurance Co. v. Smith, 179 Ga. App. 399 (1986). It is uncontested that Mr. Cordell had an insurable interest at the time of the fire.³

For the foregoing reasons, the plaintiffs' motion for reconsideration [Doc. No. 274] is GRANTED, and the defendant's motion for partial summary judgment regarding that part of Count I seeking recovery for damage to the dwelling [Doc. No. 211] is DENIED. The plaintiffs' motion seeking oral argument [Doc. No. 283] is DENIED. The plaintiffs' motion for partial summary judgment [Doc. No. 269] is DENIED. The plaintiffs' motion to file supplemental materials in support of their motion for partial summary judgment [Doc. No. 285] is GRANTED.

SO ORDERED, this 13th day of December, 2007.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge

---

² If the house had only been damaged and if Mr. Cordell had sold the house following the fire (similar to what happened in *McKay*), the defendant might have an argument that such sale served to divest Mr. Cordell of his insurable interest. However, that is not what happened here.

³ Of course, since Washington Mutual also had insurable interest at the time of the fire, any recovery by the plaintiffs would be offset by the amount of money paid to Washington Mutual.